**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SAMUEL FOMINYAM,

    *Plaintiff*,

v.

RANDI C. BORGEN and UNITED STATES
CITIZENSHIP & IMMIGRATION SERVICES,

    *Defendants*.

Civil Action No. 16-411

**OPINION**

**John Michael Vazquez, U.S.D.J.**

**THIS MATTER** comes before the Court by way of Plaintiff Samuel Fominyam's motion for default judgment (D.E. 6) and Defendants' cross-motion for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) (D.E. 9). The Court reviewed the submissions made in support and in opposition to the motions, and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, both motions are **DENIED**.

### I. BACKGROUND

*Pro se* plaintiff Samuel Fominyam filed a complaint in this matter on January 22, 2016 against Defendants United States Citizenship & Immigration Services ("USCIS") and Randi C. Borgen, Field Office Director of the Newark USCIS Field Office. D.E. 1. Plaintiff alleges that Defendants have withheld decision on his application for naturalization and that their failure to act is illegal. Among other things, Plaintiff seeks for the Court to order that Defendants grant his naturalization application and declare that Defendants' delay is unlawful and discriminatory. *Id.*

On April 27, 2016, the Court entered a notice of call for dismissal pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of the summons and complaint. D.E. 4. The notice provided that the case would be dismissed, unless by May 11, 2016, Plaintiff established that service was properly effected. *Id.* On May 16, 2016, Plaintiff filed an affidavit of service. The affidavit indicated that Plaintiff served a copy of the complaint on Defendants Borgen and USCIS by mail, at the Newark Field Office. D.E. 5.

On August 22, 2016, Plaintiff filed this motion for default judgment. D.E. 6. Defendants oppose Plaintiff's motion, arguing that it should be denied because they were never served. D.E. 9. Defendants also filed a cross-motion seeking dismissal, pursuant to Rule 12(b)(5), due to Plaintiff's failure to effectuate service. *Id.* Plaintiff did not oppose Defendants' cross-motion.

## II.   LAW AND ANALYSIS

### 1. Default Judgment

"The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)). Prior to entering a default judgment, the court is required to: (1) determine if has jurisdiction over the subject matter and parties; (2) ascertain whether defendants have been properly served; (3) analyze the Complaint to determine if it sufficiently pleads a cause of action; and (4) decide whether the plaintiff proves damages. *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015).

"Because courts lack personal jurisdiction where service of process is improper, determining proper service is a threshold issue." *Khater v. Puzino Dairy, Inc.*, No. 14-4618, 2015

2

WL 4773125, at *3 (D.N.J. Aug. 12, 2015) (quoting *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991)). Rule 4(i) sets forth the requirements to serve Defendants in this matter, as it governs service of "the United States and its Agencies, Corporations, Officers, or Employees." Fed. R. Civ. P. 4(i)(2) provides that:

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity[1], a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

The method to serve the United States is governed by Rule 4(i)(1), which provides that a plaintiff must "deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought" and "send a copy of [the summons and complaint] to the Attorney General of the United States." Rule 4(i)(1)(A), (B).

Thus, to properly effectuate service on both Defendants in this matter, Plaintiff must (1) send a copy of the summons and complaint by registered or certified mail to Borgen and USCIS; (2) serve the United States Attorney's Office for the District of New Jersey ("USAO"); and (3) serve the Attorney General of the United States. Fed. R. Civ. P. 4(i). Plaintiff's affidavit of service only indicates that he mailed a copy of the complaint to Defendants at the USCIS Newark Field Office. D.E. 5. This is insufficient. Consequently, neither Defendant has been properly served.

Defendants also argue that service was improper because Plaintiff's affidavit of service indicates that he personally mailed the summons and complaint to Borgen and USCIS. D.E. 5. Rule 4(c)(2) provides that a party may not personally effect service. "Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *see also McCray v. Unite Here*,

---

[1] To the extent that Plaintiff brings suit against Borgen in her individual capacity, which is not clear from the pleading, Plaintiff must also comply with Rule 4(e). Fed. R. Civ. P. 4(i)(3).

3

No. 13-6540, 2015 WL 1279694, at *3 (D.N.J. Mar. 20, 2015) (concluding that service was ineffective where *pro se* plaintiff mailed summonses to USAO himself). Therefore, Plaintiff's attempt to serve Defendants here was also improper because he failed to comply with Rule 4(c)(2).

Because Defendants have not been served, the Court lacks personal jurisdiction over Defendants. Therefore, Plaintiff's motion for default judgment is denied. *See, e.g., Khater*, 2015 WL 4773125, at *5-7 (refusing to enter default judgment where Plaintiff failed to effect proper service on defendants).

### 2. Dismissal for Failure to Effect Service

Defendants argue that this case must be dismissed because they were not served. Rule 12(b)(5) permits courts to dismiss a case for insufficient service of process. Courts, however, have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013). Rule 4(m) sets forth the time period in which a defendant must be served, and provides that if proper service is not effected within 90 days of filing the complaint, the matter is subject to dismissal. Fed. R. Civ. P. 4(m). Before a court dismisses a case for insufficient process under Rule 4(m), however, it must determine whether good cause exists to extend the time for service. *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). If a plaintiff can demonstrate that good cause exists, "the district court must extend the time for service." *Id.* A plaintiff has the burden to establish whether good cause exists. *Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743, at *2 (D.N.J. Jan. 6, 2009). Here, Plaintiff did not oppose Defendants' cross-motion. As a result, there is nothing in the record to support a finding of good cause.

If no good cause exists, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli*, 46 F.3d at 1305. In determining whether

4

to grant a discretionary extension, the court may consider several factors including "1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins,* No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010) (citing *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009)). One factor that frequently weighs in favor of exercising discretion is a plaintiff's *pro se* status. *See, e.g., Cain v. Abraxas*, 209 F. App'x 94, 97 (3d Cir. 2006) (stating a plaintiff's *pro se* status "frequently weigh[s] in favor of exercising such discretion").

Here, Plaintiff attempted to serve process on Defendants but mistakenly only mailed a copy of the summons and complaint. Moreover, it is clear that Defendants have actual notice of the action and there is no indication that they will be prejudiced by a discretionary extension. Taking into consideration Plaintiff's *pro se* status, combined with his attempt to serve, this Court will exercise its discretion in granting Plaintiff extended time to serve Defendants. The Court therefore will quash the initial service as to Defendants and grant Plaintiff a thirty (30) day extension upon which to properly serve Defendants in accordance with the Federal Rules. Consequently, Defendants' motion to dismiss is denied.

### III. CONCLUSION

For the foregoing reasons and for good cause shown Plaintiff's motion for default judgment (D.E. 6) and Defendants' cross-motion to dismiss (D.E. 9) are **DENIED.** Plaintiff is granted a thirty (30) day extension upon which to properly effect service upon Defendants. An appropriate form of Order accompanies this Opinion.

Dated: January 20, 2017

John Michael Vazquez, U.S.D.J.